UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 97-60471
Summary Calendar
_____


MOBIL EXPLORATION AND PRODUCING U.S., INC.,

Petitioner - Cross-Respondent,

versus

NATIONAL LABOR RELATIONS BOARD,

Respondent - Cross-Petitioner.

_____

Petition for Review and Cross-Application for Enforcement of an
Order of the National Labor Relations Board
(15-CA-13481)
_____
August 5, 1998


Before JOLLY, BENAVIDES, and PARKER, Circuit Judges.

PER CURIAM:[*]

Mobil Exploration & Producing U.S., Inc. ("Mobil") petitions

for review of an order of the National Labor Relations Board

("NLRB" or "the Board"), and the NLRB cross-applies for enforcement

of that order, which found that Mobil had violated Section 8(a)(1)

_____

[*] Pursuant to Local Rule 47.5, the court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in Local Rule 47.5.4.

of the National Labor Relations Act ("the Act"), 29 U.S.C. § 158(a), by discharging Paul Cailleteau because he engaged in concerted activity protected under the Act, and which ordered him reinstated and compensated for back pay.

In reviewing decisions of the NLRB, we apply a substantial evidence standard to issues of fact and review questions of law *de novo*. *See N.L.R.B. v. Motorola, Inc.*, 991 F.2d 278, 282 (5th Cir. 1993). We have emphasized, however, that where "the Board's construction of the statute is reasonably defensible, its orders are to be enforced." *Id.* (internal quotation marks and citations omitted).

Mobil argues that Cailleteau did not engage in "concerted activity" within the meaning of the Act and therefore is not entitled to protection under it. Alternatively, Mobil argues that it was not aware that Cailleteau engaged in concerted activity and therefore his termination did not constitute a violation of the Act. According to Mobil, the allegedly concerted activity engaged in by Cailleteau was, in fact, simply his expression of personal dissatisfaction with his failure to be promoted.

It is true that if Cailleteau's activities consisted wholly of "individual griping or complaining" on his own behalf, he was not engaged in concerted activity within the meaning of § 8(a)(1). On the other hand, if in Cailleteau's efforts to gain more favorable treatment for himself there was "some element of collective

2

activity or contemplation thereof," then it was protected activity. *N.L.R.B. v. Buddies Supermarkets, Inc.,* 481 F.2d 714, 717-18 (5th Cir. 1973). The Board affirmed the administrative law judge's finding that Cailleteau's dissemination of a packet of materials to his fellow employees was a protected concerted activity. While the disseminated packet included materials concerning personal grievances of Cailleteau's, it also included complaints that were framed as objections to some of Mobil's employment policies, and references to achieving changes that would benefit his fellow employees. We note that to affirm the Board's decision on this issue, we need not conclude that we would have reached the same one, but simply that the Board's was not unreasonable. *See N.L.R.B. v. City Disposal Systems, Inc.,* 104 S. Ct. 1505, 1510 (1984) ("[T]he task of defining the scope of § 7 [of the NLRB[1]] is for the Board to perform in the first instance as it considers the wide variety of cases that come before it, and, on an issue that implicates its expertise in labor relations, a reasonable construction by the Board is entitled to considerable deference.") (internal quotation marks and citations omitted). We find that it was reasonable for the Board to conclude that Cailleteau's distribution of the packets was concerted activity.

We also reject Mobil's argument that it cannot have violated

---

[1] Section 7 of the NLRB establishes the right to engage in concerted activities that is protected by § 8, under which the claim at hand was brought.

3

§ 8 of the Act because it did not know of the concerted nature of Cailleteau's activities. Unlike the question of what constitutes concerted action within the meaning of the Act, the question of whether the knowledge element of the § 8 claim was met here is an entirely factual determination. *See Reef Industries, Inc. v. N.L.R.B.,* 952 F.2d 830 (5th 1991) (applying substantial evidence standard to question of whether employer knew of concerted action and a reasonableness standard to question of what constituted protected activity). It is not disputed that Mobil was aware that Cailleteau had disseminated the packet to his fellow employees; indeed, Mobil acknowledges that it discharged Cailleteau because he distributed that packet. The NLRB found that the contents of the packet clearly indicated that it was intended to induce group action by employees at Mobil, and therefore concluded that Mobil knew that Cailleteau was engaged in protected activity.[2] As noted above, the packet included materials that can be read to advocate for changes in Mobil policies on behalf of other employees as well as on behalf of Cailleteau himself. Thus it was not untenable for the Board to conclude that its distribution was intended to rally group action, and that that would have been apparent to Mobil. Mobil points to evidence that prior to the dissemination of the packet Cailleteau had expressed personal grievances that may not

---

[2] It should be clear that the question is not whether Mobil knew the legal status of Cailleteau's activity but rather whether it knew of the protected activity itself.

have had any concerted-action component. Even in such a context, the packet alone provided a substantial basis from which the Board could find that Mobil discharged Cailleteau because of a protected activity.[3] Accordingly, we find there was substantial evidence on the record as a whole to support the finding that Mobil had the requisite knowledge.

For the foregoing reasons, the decision of the NLRB is AFFIRMED and the cross-petition for enforcement is GRANTED.

---

[3] Mobil relies heavily on *Southwest Latex Corporation v. N.L.R.B.,* 426 F.2d 50, 56-57 (5th Cir. 1970), and *Buddies Supermarkets,* 481 F.2d 714, both of which are distinguishable from the case at hand. In *Southwest Latex*, while the employer may have been aware that the complainant had written a letter of complaint to the employer, the letter had not been presented to the employer and there was "no evidence in the record" to show that the employer knew it had been written on behalf of other employees. 426 F.2d at 56-57. And, while employees at Southwest Latex had requested a meeting with management, at which they intended to present that letter, there was "credited and uncontradicted testimony" that management was not aware of the purpose of the meeting or that the complainant would be representing other employees there. *Id.* The situation here is significantly different because Mobil admittedly had direct access to the disseminated packet and therefore cannot disavow knowledge of its content.

In *Buddies Supermarkets*, this court found that the evidence disclosed that one of the discharged employee's complaints "were advanced entirely in pursuit of personal, not group, economic goals" and that "there is nothing to indicate that the Company was ever actually informed of [the other dismissed employee's] union sympathies." 481 F.2d at 720, 722. Thus the Board's finding of a § 8 violation in *Buddies* rested on unwarranted speculation of a sort not required to reach such a finding here.